Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard St., #780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON SIU, on behalf of himself and all others similarly situated, | Case No. '18CV1227 L    BLM |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | 1. VIOLATIONS OF CALIFORNIA PENAL CODE § 632.7 |
| COX COMMUNICATIONS, INC.; and DOES 1 through 10, inclusive, and each of them, | **Class Action** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff GORDON SIU, through his undersigned counsel, for this class action complaint, on behalf of himself and all others similarly situated, alleges the following upon information and belief and personal knowledge:

///

///

CLASS ACTION COMPLAINT
-1-

## NATURE OF ACTION

1. This is a class action brought on behalf of all persons in California whose telephone conversations with defendant COX COMMUNICATIONS, INC. ("Defendant" or "Cox," and together with Does 1 through 1, "Defendants") were recorded by one or more of Defendants without the individual's knowledge or consent during the time period that begins one year before the date of the filing of the original Complaint in this action and ends on the date of trial.

2. Plaintiff brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant and its related entities, subsidiaries and agents in willfully employing and/or causing to be employed certain eavesdropping, recording and listening equipment in order to record, monitor or listen to the telephone conversations of Plaintiff without the knowledge or consent of Plaintiff, in violation of California Penal Code sections 630 *et seq.*, thereby invading Plaintiff's privacy.

3. California Penal Code section 632.7 prohibits intentionally monitoring or recording a cellular or cordless telephone conversation without the consent of all parties to the call. Plaintiff alleges that Defendant violated and continues to violate Penal Code section 632.7 by secretly recording and/or monitoring telephone conversations with California residents using cellular and/or cordless telephones.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over this class action under 28 U.S.C. § 1332(d)(2) because both its minimal-diversity requirement and its amount-in-controversy requirement are satisfied. First, with respect to minimal diversity, Plaintiff is a citizen of the State of California whereas Defendant Cox is a citizen of the State of Delaware (where it is incorporated) and the State of Georgia (where it has its principal place of business). Second, with respect to the

amount in controversy, Plaintiff seeks $5,000 in statutory damages for each violation of California Penal Code section 632.7, as provided under Penal Code section 637.2. Thus, the alleged damages of the proposed class, which numbers in the thousands, exceed $5,000,000.

5. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b) because the telephone conversation at issue occurred in this District and Defendant does business in the County of San Diego. For instance, Defendant provides services in the County of San Diego, maintains corporate offices in the County of San Diego, and also operates retail stores under the "Cox Solutions Store" banner in the County of San Diego.

## PARTIES

6. Plaintiff is a natural person residing in the County of San Diego, State of California.

7. Defendant Cox Communications, Inc., is a Delaware corporation with its principal place of business at 6205-B Peachtree Dunwoody Road, Atlanta, Georgia, 30328.

8. Defendant bills itself as the "third-largest U.S. cable company," providing digital video, internet, telephone and home security services to approximately 6 million residences and businesses across the country.

9. The true names and capacities of the defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such defendants by fictitious names. Each of the defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when he learns them.

10. Plaintiff is informed and believes that at all relevant times, each and every defendant was acting as an agent and/or employee of each of the other

defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other defendants.

## FACTUAL ALLEGATIONS

11. Plaintiff does now, and at all times relevant to this Complaint, use internet service from Defendant at his residence.

12. As part of its internet service, Defendant provides to customers and hosts email accounts ending in "@cox.net."

13. Plaintiff created an email account hosted by Defendant more than a decade ago (the "Cox Email Account").

14. Plaintiff began using Gmail, preferred it to Cox's email service, and set his Cox Email Account to forward all emails to his Gmail account.

15. In or around May 2017, Plaintiff noticed that emails sent to his Cox Email Account were no longer being forwarded to his Gmail account.

16. Plaintiff discovered that Defendant had locked him out of his Cox Email Account.

17. Plaintiff had not received any advance warning from Defendant that it would lock his Cox Email Account.

18. On or about May 17, 2017, Plaintiff called Defendant's customer service number to inquire about the Cox Email Account.

19. During that call, Defendant's representative, Sarah West, unlocked the Cox Email Account and Plaintiff successfully logged in. Plaintiff told Ms. West that he had successfully logged in.

20. On or about June 14, 2017, Defendant sent Plaintiff an email alleging that the Cox Email Account was "inactive" because he had not logged in to the account in the past 150 days.

21. This allegation was false. As Defendant knew, Plaintiff had successfully logged in to his Cox Email Account only 28 days earlier, on May 17, 2017, while he was on the phone with Ms. West.

22. Nonetheless, Defendant, in its email, threatened to delete Plaintiff's Cox Email Account on June 21, 2017, "unless you take action."

23. On or about June 14, 2017, the same day he received Defendant's email warning him to "take action," Plaintiff mailed Defendant a letter requesting that Defendant refrain from deleting the Cox Email Account.

24. On or about June 21, 2017, Defendant's agent "Christie" called Plaintiff on his cellular telephone.  Defendant confirmed having received Plaintiff's letter and explained that Cox had recently begun deleting email accounts maintained by Cox if the user had not logged in to the account after a certain number of days (regardless of whether the user was forwarding all emails to a non-Cox email account).  Only after speaking with Plaintiff at length did the caller inform Plaintiff for the first time that the call was being recorded.

25. At no time did Plaintiff give consent for the telephone call to be monitored, recorded and/or eavesdropped upon. Plaintiff was shocked to discover that his conversation was being secretly recorded by Defendant.

26. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant had a policy and a practice of secretly recording and/or monitoring telephone conversations with consumers. Defendant's employees and agents are directed, trained and instructed to, and do, monitor, record and/or eavesdrop upon telephone conversations with members of the public, including Plaintiff and other California residents.

27. Plaintiff is informed and believes, and thereon alleges, that Defendant has installed and/or caused to be installed certain eavesdropping and listening equipment on its employees' or agents' telephone lines.  Defendant uses these devices to overhear, record and listen to the telephone conversations on said

telephone lines.

28. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has had all of its calls with members of the public, including those with California residents, recorded, monitored and/or eavesdropped upon without the knowledge or consent of the recorded party, including Plaintiff and other California residents.

## CLASS ALLEGATIONS

29. Plaintiff brings this action on behalf of himself and a class (the "Class"), of which he is a member.

30. The Class is defined as follows: "All persons in California whose cellular or cordless telephone conversations were monitored, recorded and/or eavesdropped upon without disclosure at the outset of the conversation by Defendants within one year before the filing of the original Complaint in this action."

31. Defendant, its employees and its agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes it to be in the thousands. Defendant bills itself as the "third-largest U.S. cable company," providing service to approximately 6 million residences and businesses across the country, including in this District and elsewhere in California.

32. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class. It does not seek recovery for personal injury and claims related thereto.

33. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted by facts learned from further investigation and discovery.

34. The joinder of class members is impractical and the disposition of their claims in this class action will provide substantial benefits to both the parties and the Court. The Class can be identified through Defendant's records, calling

records and databases of cell phone numbers.

35. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented, including:

a. Whether Defendant has a policy or practice of recording inbound and outbound calls;

b. Whether Defendant's call scripts warn at the outset of the call that the call may be recorded;

c. Defendant's policy and practice (or lack thereof) for obtaining California residents' consent to being recorded;

d. Whether Defendant's monitoring, recording and/or eavesdropping violates California Penal Code section 632.7; and

e. Whether Defendant should be enjoined from engaging in such conduct in the future.

36. Plaintiff is asserting claims that are typical of those of the Class because the other members were subjected to similar, objectively measureable conduct and are, like Plaintiff, entitled to fixed statutory damages under California Penal Code section 632.7.

37. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interest adverse to those of the Class.  Plaintiff has retained counsel experienced in handling class action claims, including invasion-of-privacy claims.

38. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct.  Absent a class action, class members will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to continue unabated.  Because of the size of an individual claim, few, if any, class members could afford to seek legal redress individually for the wrongs complained of herein.

CLASS ACTION COMPLAINT
-7-

39. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with California law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action are modest. Moreover, because the inherently secret nature of Defendant's eavesdropping, almost all class members do not yet know that they have suffered an invasion of their privacy and would not know to bring a claim. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

40. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## **CAUSE OF ACTION**

## **VIOLATION OF PENAL CODE § 632.7**

41. Plaintiff incorporates by reference each of the above paragraphs of this Complaint as though fully stated herein.

42. California Penal Code section 632.7 prohibits intentionally monitoring or recording a cellular or cordless telephone conversation without the consent of all parties to the call.

43. Plaintiff is informed and believes, and thereupon alleges, that Defendant employed and/or caused to be employed certain eavesdropping, recording and listening equipment on the telephone lines of all employees, officers, directors and managers of Defendant.

44. Plaintiff is informed and believes, and thereupon alleges, that all these devices were maintained and utilized to overhear, record, and listen to each and every incoming and outgoing telephone conversation over said telephone lines.

45. This listening, recording and/or eavesdropping equipment was used to record, monitor or listen to the telephone conversations of Plaintiff and the members of the Class, in violation of California Penal Code section 632.7.

46. Defendant did not inform Plaintiff or the other members of the Class at the outset of conversations that Defendant was recording the calls. Plaintiff and the other members of the Class had not consented to such recording.

47. Defendant intruded on Plaintiff's and Class members' privacy by intentionally engaging in the aforementioned intercepting, eavesdropping, listening and recording activities.

48. Plaintiff is informed and believes, and thereupon alleges, that many if not most of the calls secretly recorded by Defendant were, like the one to which he was a party, calls during which the consumer was using a cordless or cellular telephone.

## **PRAYER FOR RELIEF**

49. Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and members of the Class the following relief against the defendants:

   A. That this action be certified as a class action and Plaintiff be appointed as the representative of the Class;

   B. Statutory damages of $5,000 per violation of Penal Code section 632.7 pursuant to Penal Code section 637.2(a) in favor of Plaintiff and each member of the Class;

   C. That the Court permanently enjoin Defendant from monitoring, recording and eavesdropping upon all cellular and cordless telephone conversations with California residents, including Plaintiff and members of the Class, without their prior consent, as required by California Penal Code section 632.7;

   D. General damages according to proof;

E. Special damages according to proof;

F. Costs of suit;

G. Attorneys fees, as allowed by law, equity or California Code of Civil Procedure section 1021.5;

H. Prejudgment interest at the legal rate; and

I. Such further relief as this Court deems necessary, just and proper.

///
///
///
///
///
///
///

### **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury.

Respectfully submitted,

Dated:       June 11, 2018

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

s/Todd M. Friedman_____
Todd M. Friedman
Attorney for Plaintiff